GEORGE W. SWIFT, Jr., RESPONDENT, v. JOHN V. RICE, Jr., APPELLANT.

Argued November 25, 1922—Decided March 5, 1923.

1. An outstanding title sufficient to defeat an action of ejectment must be one that is a present, subsisting, operative legal title. The burden of proof is on the defendant to show such facts.
2. An equitable title will not avail as a defence in an action of ejectment. It is not sufficient as against a plaintiff who holds the record or paper title, which purports to convey an absolute legal title in the plaintiff.

On appeal from the Supreme Court.

For the appellant, *Joseph S. Swain* and *James Mercer Davis*.

For the respondent, *Palmer & Powell*.

The opinion of the court was delivered by

BLACK, J. The facts out of which the controversy in this case grew are quite fully set out in the opinion of Vice Chancellor Buchanan, in the case of *Rice* v. *Mitsch,* 92 *N. J. Eq.* 693.

The suit is in ejectment to recover the possession of a tract or plot of land and premises in the City of Bordentown, N. J. The answer is a general denial. Section twelve of the Ejectment act (2 *Comp. Stat., p.* 2056), providing for a form of plea in ejectment was expressly repealed by *Pamph. L.* 1912, *p.* 468. The suit was tried by Judge Donges without a jury, resulting in a judgment of possession for the plaintiff. It was admitted that the plaintiff held the record or paper title, which purports to convey an absolute legal title in the plaintiff. The case was decided on the question of the receivability of offered testimony. The question, whether fraud can be shown under the answer of a general denial in ejectment, without specially pleading it, as provided for by Rule 40 of the Practice act (*Pamph. L.* 1912, *p.* 391), new Rule

58, ¶ 173, Practice act (_Comp. Stat. Supp._, p. 1216), need not be considered in a decision of this case. Since the decision in the case of _Cemetery Co._ v. _R. R. Co._, 74 _N. J. L._ 100, which holds, the statutory form of a plea in ejectment was all that was necessary under section twelve; that section was expressly repealed by _Pamph. L._ 1912, p. 468. The trial court disposed of the case on the ground that the proffered testimony showed no more than an outstanding equitable claim in the premises. The most the defendant could prove he had or claimed was an equitable title.

This is not sufficient to make out a defence in an action of ejectment. The settled rule, supported by a long line of cases, is thus stated in 19 _Corp. Jur._ 1079, ¶ 73 (2) : An outstanding title sufficient to defeat an action of ejectment must be one which is a present, subsisting, operative legal title. Such title must be valid and capable of enforcement by the party holding it, against both plaintiff and defendant. The burden of proof is on the defendant to show such facts. 15 _Cyc._ 68 (2) ; 71 (1) ; 9 _R. C. L._ 876, ¶ 42; _Den_ v. _Dimon,_ 10 _N. J. L._ 156. In _Runyon_ v. _Newark, &c., Rubber Co.,_ 24 _Id._ 467, 475, the three cases of _Den_ v. _Wright, 7 Id._ 175; _Den_ v. _McKnight,_ 11 _Id._ 385, 392, and _Den_ v. _Hammel,_ 18 _Id._ 81, in the Supreme Court, relied upon by the defendant, were distinguished, criticised and limited in their scope. It was there said, those cases ought not to be extended beyond the precise points decided. They held, that a sale and conveyance made by an executor, administrator, or other trustee, directly or indirectly to himself, are in such a sense void; that the heirs may maintain ejectment for the land, so sold and conveyed. But, that is essentially different from the facts offered to be proved in the case under discussion.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

_For affirmance_—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, JJ.  11.

_For reversal_—None.