PAUL S. WILKIE, PLAINTIFF, v. JOHN W. GOEHRIG AND MARY A. GOEHRIG, DEFENDANTS.

Decided October 12, 1946.

For the plaintiff, *Frank I. Casey.*

For the defendants, *John L. Heher.*

EASTWOOD, S. C. C. Application has been made to me on behalf of the plaintiff in the above matter to reopen a judgment by default entered in favor of the defendants on their counter-claim and to strike out the answer and counter-claim filed by the defendants on the ground that the defense proffered by the defendants is of an equitable nature and not cognizable in a court of law. Briefs have been submitted by the respective parties, accompanied by voluminous affidavits in support of their respective contentions. These have been considered and have been of substantial aid to me in arriving at the following conclusions.

An inspection of the pleadings reveals that the plaintiff, Wilkie, has instituted ejectment proceedings in the New Jersey Supreme Court for the eviction of the defendants, John

W. Goehrig and Mary A. Goehrig, his wife, from a dwelling house and lot of land situate and known as No. 167 Locust Street, in the City of Trenton, New Jersey. To the complaint the defendants have filed an answer in the nature of a general denial and in addition thereto set up a defense designated as "First Separate Defense," together with a counter-claim against the plaintiff for damages in the amount of $2,000. Apparently no answer to the defendant's counter-claim was filed by the plaintiff and judgment thereon by default was accordingly entered in their favor.

Factually, it appears that the plaintiff, Wilkie, holds legal title to the premises in question by virtue of a deed delivered to him for a valuable consideration of $3,300, which deed is under the hands and seals of the defendants and others holding the legal title thereto, the same having been duly acknowledged and recorded in the county clerk's office of Mercer County. The first separate defense raised in opposition to the plaintiff's claim is in substance an allegation that the deed in question was obtained and delivered to the plaintiff through the connivance and fraud on the part of the plaintiff and one William Goehrig, the latter acting as agent for the defendants and other members of the Goehrig family. It will thus be perceived immediately that the first separate defense is equitable in nature and not maintainable in a court of law. Under our system where law and equity are administered by separate tribunals, any relief to which the defendants may be entitled must be sought in the Court of Chancery. The foregoing rule is succinctly stated in the case of *Hunt* v. *Gorenberg et ux.*, 9 *N. J. Mis. R.* 463; 155 *Atl. Rep.* 381, in an able opinion by Mr. Justice Ackerson, sitting as Supreme Court Commissioner. The case at bar is controlled by the decision of the Court of Errors and Appeals in *Swift* v. *Rice,* 98 *N. J. L.* 538; 120 *Atl. Rep.* 187. In short, the plaintiff is the holder of the record or paper title which purports to convey an absolute legal title to him. In this posture it is apparent that the defendants cannot raise the equitable defense of fraud in this court.

Some question may arise as to whether the case should not be transferred to the Court of Chancery under the provisions

of the Transfer of Causes Act, *R. S.* 2:26–60; *N. J. S. A.* 2:26–60. As stated in *Hunt* v. *Gorenberg, supra,* this is not permissible because it is well settled that the Transfer of Causes Act is intended only for the transference of cases where the court in which they are pending has no jurisdiction on the *whole case,* and not where an equitable defense is attempted to be pleaded to a cause of action cognizable in a court of law.

In view of the foregoing, I am persuaded that the application of the plaintiff to reopen the judgment by default entered in favor of the defendants on their counter-claim is proper, since the allegations of the counter-claim are directly and intimately interwoven with and dependent upon the allegations set forth in the defendants' first separate defense, namely, fraud in the procurement and delivery of the deed in question. As previously stated, the defendants have in their answer set forth a general denial of the plaintiff's cause of action. As such it will be permitted to stand. That part of the answer designated as "first separate defense" will be stricken for the reasons above set forth. The counter-claim will be struck *in toto.* An order to this effect may be presented, but the same shall not take effect until after ten days from October 15th, 1946, in order that the defendants in the interim may apply for relief in Chancery, if they so desire.